UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROYAL E. GLAUDE,<br><br>  Plaintiff,<br><br>  v.<br><br>POSTMASTER GENERAL,<br><br>  Defendant. | Case No. 14-cv-04071-MEJ<br><br>**ORDER RE: MOTION TO DISMISS**<br><br>Re: Dkt. No. 12 |

## I. INTRODUCTION

Plaintiff Royal Glaude brings this action against Defendant Postmaster General for employment discrimination relating to his 1979 termination from a position with the United States Postal Service (the "USPS"). Plaintiff has brought previous suits premised on alleged wrongful conduct relating to this termination, all of which have been dismissed by this Court.[1] In the present case, Plaintiff seeks review of the July 9, 2014 final order of the Merit Systems Protection Board (the "MSPB"), which dismisses Plaintiff's claims for lack of jurisdiction. Compl., Ex. 1, Dkt. No. 1.

Pending before the Court is Defendant's Motion to Dismiss, filed December 26, 2014. Dkt. No. 12. Plaintiff has filed an Opposition. Dkt. No. 18. The Court finds this matter suitable for disposition without oral argument and VACATES the February 12, 2015 hearing. *See* Fed. R. Civ. P. 78(b); Civil L.R. 7-1(b). Having considered the parties' positions, relevant legal authority, and the record in this case, the Court **GRANTS** Defendant's Motion for the reasons set forth below.

---

[1] *See Glaude v. United States Postal Service*, C-86-0055 WWS; *Glaude v. United States Post Office Regional Postmaster General*, C-87-0270 WWS; *Glaude v. Regional Postmaster General, et al.*, C-87-1524 DLJ; *Glaude v. Postmaster General*, 07-mc-80054 MJJ.

## II. BACKGROUND

Plaintiff was employed by the USPS until 1979, when his employment was terminated. Compl. ¶ 7, Ex. 1 at 2, Dkt. No. 1. Plaintiff has repeatedly brought lawsuits related to his termination, including in 1986, 1987, and 2007, all of which have been dismissed. *Order Denying Leave to File Complaint*, *Glaude v. Postmaster General*, 07-mc-80054 MJJ, Dkt. No. 1. At some point, Plaintiff was designated a "vexatious litigant" and denied leave to file a complaint in 2007. *Id.* Plaintiff also initiated at least one prior administrative complaint, which was dismissed by the MSPB in 2006. Compl., Ex. 1 at 4.

Plaintiff initiated the current round of litigation on or about March 19, 2012, when he filed a complaint with the United States Department of Labor's Office of Federal Contract Compliance Programs ("OFCCP"). Compl., Ex. 12. Plaintiff's administrative complaint appears to allege that it was improper to: (1) deny Plaintiff employment-related benefits in connection with his 1979 termination; (2) dismiss the lawsuit Plaintiff brought in 1986 related to the same; and (3) designate Plaintiff a "vexatious litigant" in connection with past proceedings. *Id.* Plaintiff alleges that on April 13, 2012, the OFCCP denied his complaint on the grounds that the "postal service is a private employer." Compl. ¶ 9.

On May 16, 2013, Plaintiff initiated proceedings with the MSPB challenging the denial of his claim by the OFCCP and further alleging a violation of the Veterans Employment Opportunities Act of 1998 ("VEOA"), 5 U.S.C. §§ 3330a-3330b. The VEOA provides certain federal employees and applicants with a means of redress in the event that a federal executive agency violates an employee's or applicant's veterans preference rights. Before individuals can file VEOA appeals with the MSPB, they must first file a complaint with the Secretary of Labor. 5 U.S.C. § 3330a(a)(1)(A, B).

On July 25, 2013, the MSPB made its initial decision and dismissed Plaintiff's VEOA appeal for lack of jurisdiction, finding that Plaintiff: (1) had "failed to make nonfrivolous allegations of any agency action or omission on or after the October 30, 1998 enactment date of VEOA that violated his veteran's preference rights"; and (2) had failed to exhaust his remedy with the Department of Labor. Compl., Ex. 1 at 2. The MSPB further found that to the extent Plaintiff

was raising claims in connection with his 1979 termination, those claims had already been "addressed and resolved in his prior MSPB appeal in 2006" and were therefore "barred by collateral estoppel." *Id.* Plaintiff filed a petition for review of the initial decision, and on July 9, 2014, the MSPB issued its final order, affirming the initial decision dismissing Plaintiff's appeal for lack of jurisdiction, finding that "the administrative judge correctly dismissed the appeal for lack of jurisdiction." *Id.* at 5.

On September 8, 2014, Plaintiff filed this action, seeking review of the MSPB's July 9, 2014 final order. Defendant filed the present Motion on December 26, 2014. Defendant seeks dismissal under Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that: (1) the Court lacks jurisdiction to review a decision of the MSPB dismissing Plaintiff's administrative claim on jurisdictional grounds; (2) Plaintiff's claims are time barred and he failed to exhaust his administrative remedies; and (3) Plaintiff has failed to plead any claim that is not the subject of prior dismissals. Because the Court finds Defendant's jurisdictional argument dispositive, it turns to it first.

### III.  LEGAL STANDARD

Federal district courts are courts of limited jurisdiction; "[t]hey possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citation omitted). Federal Rule of Civil Procedure 12(b)(1) authorizes a party to move to dismiss a lawsuit for lack of subject matter jurisdiction.

A jurisdictional challenge may be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Where the attack is facial, the court determines whether the allegations contained in the complaint are sufficient on their face to invoke federal jurisdiction, accepting all material allegations in the complaint as true and construing them in favor of the party asserting jurisdiction. *Warth v. Seldin*, 422 U.S. 490, 501 (1975). Where the attack is factual, however, "the court need not presume the truthfulness of the plaintiff's allegations." *Safe Air for Everyone*, 373 F.3d at 1039. In resolving a factual dispute as to the existence of subject matter jurisdiction, a court may review extrinsic evidence beyond the complaint without converting a

1  motion to dismiss into one for summary judgment. *Id.*; *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988) (holding that a court "may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction").

Once a party has moved to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the opposing party bears the burden of establishing the Court's jurisdiction. *Kokkonen*, 511 U.S. at 377; *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).

## IV.  DISCUSSION

Defendant argues that Plaintiff's Complaint must be dismissed because only the Federal Circuit has jurisdiction to review the July 9, 2014 final order of the MSPB.  Mot. at 5-6.  Under the VEOA, individuals who believe that an agency violated their rights under any statute or regulation relating to veteran's preference may file a complaint seeking relief from the Secretary of Labor.  5 U.S.C. § 3330a(a)(1)(A)-(B); *see also Dean v. Merit Sys. Prot. Bd.*, 566 Fed. App'x. 944, 946 (Fed. Cir. 2014).  "If the Secretary of Labor is unable to resolve [the] complaint . . ., the complainant may elect to appeal the alleged violation to the Merit Systems Protection Board." 5 U.S.C. § 3330a(d)(1).  To establish MSPB jurisdiction over a VEOA appeal, a claimant must show that he exhausted his remedy with the Department of Labor.  *Dean*, 566 F. App'x at 946 (citing *Lazaro v. Dep't of Veterans Affairs*, 666 F.3d 1316, 1319 (Fed. Cir. 2012)).  The appellant must make that showing by a preponderance of the evidence.  *Id.* (citing *Forest v. Merit Sys. Prot. Bd.*, 47 F.3d 409, 410 (Fed. Cir. 1995)).

Review of an MSPB decision is available either in (1) the United States Court of Appeals for the Federal Circuit or (2) federal district court.  *Kloeckner v. Solis*, 133 S. Ct. 596, 600-01 (2012).  All jurisdictional dismissals, however, must be appealed to the Federal Circuit.  *Conforto v. Merit Sys. Prot. Bd.*, 713 F.3d 1111, 1119 (Fed. Cir. 2013).  Where "an employee elects to proceed by appealing to the Merit Systems Protection Board but the Board concludes it does not have jurisdiction over the employee's appeal," then "any appeal from that decision is to [the Federal Circuit]."  *Id.* at 1120-21.  Thus, the Federal Circuit has "jurisdiction to review [an MSPB] determination that an employee's case is not appealable to the [MSPB], regardless of whether the employee has sought to raise claims of agency discrimination."  *Id.* at 1118.

4

1  Here, because Plaintiff seeks review of the MSPB's July 9, 2014 final order, which
2  affirmed the dismissal of his administrative claim for lack of jurisdiction, any review must be
3  brought before the Federal Circuit.  Plaintiff's own filings establish that he was on notice
4  regarding where to appeal the MSPB decision.  The final order instructed Plaintiff how to appeal:
5  "You have the right to request review of this final decision by the United States Court of Appeals
6  for the Federal Circuit."  Compl., Ex. 1 at 5.  The final order also told Plaintiff when to appeal to
7  the Federal Circuit: "no later than 60 calendar days after the date of this order."  *Id.*  Thus, because
8  this Court is not the appropriate forum to challenge the MSPB's decision, Plaintiff's Complaint
9  must be dismissed.  *See, e.g.*, *Moore v. Merit Sys. Prot. Bd.*, 10 Fed. App'x 902, 904 (Fed. Cir.
10 2001) ("A petitioner who ignores an order of the Administrative Judge does so at his or her peril.
11 Litigants before the Board . . . are obligated to respect the Board, its procedures, including
12 deadlines, and the orders of the Board's judges.").

### V.  CONCLUSION

Based on the analysis above, the Court GRANTS Defendant's Motion to Dismiss.

**IT IS SO ORDERED.**

Dated: January 8, 2015

_____
MARIA-ELENA JAMES
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROYAL E. GLAUDE,

    Plaintiff,

v.

POSTMASTER GENERAL,

    Defendant.

Case No. 14-cv-04071-MEJ

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 1/8/2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Royal E. Glaude
8096 Juniper Ave
Newark, CA 94560

Dated: 1/8/2015

                            Richard W. Wieking
                            Clerk, United States District Court

By:_____
Chris Nathan, Deputy Clerk to the
Honorable MARIA-ELENA JAMES